AUGUSTUS MILLER v. NAVASSA GUANO COMPANY.

(Decided November 28, 1899.)

*Nonsuit—Act 1897—Contributory Negligence.*

Where the plaintiff is provided with a safe place in which to do his work, and is injured in consequence of his own imprudence in exposing himself to danger, in spite of warning not to do so, he can not recover.

CIVIL ACTION to recover damages for personal injury alleged to have been sustained through the negligence of defendant, while plaintiff was assisting in unloading one of its vessels; tried before *Robinson, J.,* at Fall Term, 1898, of the Superior Court of NEW HANOVER County.

After the plaintiff had produced his evidence, his own testimony included, and rested his case, the defendant demurred under the Act 1897, and moved for judgment as of nonsuit. Demurrer sustained, and motion allowed. Plaintiff excepts and appeals. The facts are succinctly stated in the opinion.

*Mr. E. A. Johnson,* for appellant.
Defendant not represented.

MONTGOMERY, J.    This action was brought by the plaintiff to recover of the defendant damages for personal injuries sustained while engaged in unloading a vessel of the defendant. After the plaintiff had produced his evidence and rested his case, the defendant moved to dismiss the complaint, and upon the motion being allowed the plaintiff excepted and appealed.

The appeal makes it necessary for us to consider and to decide whether the plaintiff's evidence was sufficient, in a just and reasonable view of it, to warrant the jury in finding

that the plaintiff was injured by the negligence of the defendant.

The plaintiff with others was engaged during the night hours in unloading the defendant's ship. His business was to place bags of tankage in the sling and to fix the loop or rope around them so that the bags could be lifted by machinery out of the hold through the hatchway and over the decks of the ship to the wharf. As one of the turns of bags was being lifted through the hatchway, the loop slipped and one of the bags fell out and struck the plaintiff and broke his leg. The negligence of the defendant, as alleged by the plaintiff, was that the defendant did not furnish him with safe appliances with which to work, and a safe and suitable place in which to work, as it was in law bound to do, or, that if it did, that under the direct orders of an alleged vice-principal of the defendant the plaintiff was made to so hurry up his work as to prevent his properly looping the bags in the sling. The evidence of the plaintiff, including his own testimony, however, showed that the defendant did furnish a safe place in which the plaintiff was to do his work. He said: "We could see in the hold where we were working, but it was not bright. I could have worked under the deck and got out of the way, or from under the hatchway." Nelson Shaw, a witness for the plaintiff, testified that Jim Davis was foreman of the hands. "I heard him tell the hands that night to be careful and not get hurt, and as the bags were going up to keep out of the hatchway. Our rule in working is to keep out of the hatchway as the bags are going up. We had room enough to stand under the decks of the ship on either side of the hatchway."

The evidence showed that the plaintiff had worked off and on for six years for the defendant in unloading vessels. The evidence also showed that suitable appliances were furnished

by the defendant and that they were in good condition. Under the evidence it is a matter of no moment that there was no light on the deck, for as the plaintiff had been provided with a safe place in which to do his work, and with proper appliances in good condition, the defendant was not negligent.

No error.